1  EDWARD O. LEAR, State Bar No. 132699
   lear@centurylawgroup.com
2  RIZZA D. GONZALES, State Bar No. 268118
   gonzales@centurylawgroup.com
3  **CENTURY LAW GROUP LLP**
   5200 W. Century Blvd. #345
4  Los Angeles, CA 90045
   Phone (310) 642-6900
5  Fax (310) 642-6910

6  Attorney for Plaintiff
   ComedyMX, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMEDYMX, INC., a corporation;<br><br>Plaintiff,<br><br>v.<br><br>BRUCE ST. CLAIR, an individual; JOSHUA DANE ST. CLAIR, an individual; THE CARTOON CHANNEL, a business entity of unknown form;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

COMES NOW the Plaintiff COMEDYMX INC. (hereinafter "Plaintiff" and/or "ComedyMX") by counsel, and for their complaint against Defendants BRUCE ST. CLAIR, an individual, JOSHUA DANE ST. CLAIR, an individual, and THE CARTOON CHANNEL, a business entity of unknown form, allege as follows:

### JURISDICTION AND VENUE

1.  This court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and supplemental jurisdiction over Plaintiff's claims arising under state law under 28 U.S.C. § 1367.

2.  This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

3.  This Court has personal jurisdiction over Defendants Bruce St. Clair, Joshua Dane St. Clair, and The Cartoon Channel in that Defendants do business in this District, and Plaintiff does business in this District and is suffering harm in the District.  Moreover, Defendants Joshua Dane St. Clair and The Cartoon Channel consented to personal jurisdiction within the District pursuant to the counter-notice Defendants submitted to YouTube on September 26, 2015.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Plaintiff ComedyMX Inc. ("ComedyMX") is a corporation with its principal place of business in Carson City, Nevada.  Plaintiff ComedyMX Inc. operates YouTube channels known as ComedyMX Network and 8thManDVD.com. ComedyMX is the copyright holder of the works Merrie Melodies: Daffy Duck and the Dinosaur (Remastered 8thManDVD.com Version), Merrie Melodies: The Wabbit Who Came to Supper (Remastered 8thManDVD.com Version), and Merrie Melodies: Pigs in a Polka (Remastered 8thManDVD.com Version).

6.  Upon information and belief, Defendant Bruce St. Clair is a natural person and resident of Essendon North, Victoria, Australia.  Defendant Bruce St. Clair operates a YouTube channel, The Cartoon Channel (https://www.youtube.com/user/TheCartoonChannelAU).

7.  Upon information and belief, Defendant Joshua Dane St. Clair is a natural person and resident of Essendon North, Victoria, Australia .  Defendant Joshua Dane St. Clair operates a YouTube channel, The Cartoon Channel (https://www.youtube.com/user/TheCartoonChannelAU).

8. Upon information and belief, Defendant The Cartoon Channel is a business entity of unknown form. The Cartoon Channel is in the business of posting "public domain-listed movies, cartoons and documentaries" on YouTube.com.

9. YouTube (https://www.youtube.com) is a video-sharing website headquartered in San Bruno, California. Its users upload videos onto YouTube for distribution to the public.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Edward Heldman III ("Heldman") created the copyrighted works Merrie Melodies: Daffy Duck and the Dinosaur (Remastered 8thManDVD.com Version), Merrie Melodies: The Wabbit Who Came to Supper (Remastered 8thManDVD.com Version), and Merrie Melodies: Pigs in a Polka (Remastered 8thManDVD.com Version). Heldman is the CEO of ComedyMX.

11. Plaintiff is, and at all relevant times has been, the copyright owner under United States copyright with respect to certain cartoons identified as Daffy Duck and the Dinosaur (Remastered 8thManDVD.com Version), Merrie Melodies: The Wabbit Who Came to Supper (Remastered 8thManDVD.com Version), and Merrie Melodies: Pigs in a Polka (Remastered 8thManDVD.com Version) (collectively, "Copyrighted Cartoons"). Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Cartoons and to distribute the Copyrighted Cartoons to the public.

12. On December 7 and 8, 2013, Plaintiff uploaded the Copyrighted Cartoons on YouTube.

13. On or about March 31, 2015, Defendant The Cartoon Channel contacted Plaintiff and threatened Plaintiff with copyright infringement because The Cartoon Channel objected to the title of one of Plaintiff's videos uploaded onto YouTube.

14. Plaintiff's curiosity was piqued by this notice. Plaintiff reviewed The

Cartoon Channel's videos and discovered that Defendants were distributing the Copyrighted Cartoons without Plaintiff's consent in The Cartoon Channel's compilation "The Biggest Looney Tunes Compilation Bugs Bunny, Daffy Duck and more!" (hereinafter, "Defendants' Compilation").

15. Attached hereto as Exhibit A is a true and correct copy of screenshots from the Plaintiff's Daffy Duck and the Dinosaur (Remastered 8thManDVD.com Version). In the background screenshot, Plaintiff's watermark stating 8thManDVD.com is visible. In the foreground is a screenshot from Defendants' Compilation where Defendants have cropped Plaintiff's watermark from the video and changed the aspect ratio to 4:3.

16. The Defendants' Compilation has received approximately 20 million views on YouTube.

17. Defendants' Compilation further includes advertising. Plaintiff, therefore, believes Defendants are directly profiting as a result of its infringement of Plaintiff's Copyrighted Cartoons.

18. Defendants chose Plaintiff's Daffy Duck Cartoon as the first video in Defendant's Compilation as it was the best video available. Because Plaintiff's Daffy Duck Cartoon was the first video in Defendant's Compilation, viewers were not only more likely to see Plaintiff's Daffy Duck Cartoon than other videos in Defendant's Compilation but also to continue to watch Defendant's Compilation due to the high quality of Plaintiff's Daffy Duck Cartoon. As viewers continued to watch Defendant's Compilation, they would see additional advertisements which in turn provided more revenue to Defendant.

19. On or about September 11, 2015, Plaintiff registered copyrights for the Copyrighted Cartoons with the United States Copyright Office.

20. On or about September 18, 2015, Plaintiff's attorney contacted YouTube and sent a Digital Millennium Copyright Act notice that The Cartoon Channel was infringing upon Plaintiff's copyright.

21.    On or about September 21, 2015, Plaintiff's counsel sent Defendants a cease and desist letter demanding that Defendants take down the Copyrighted Cartoons from YouTube.

22.    On September 22, 2015, YouTube removed the video in response to the September 11, 2015, correspondence from Plaintiff's counsel.

23.    On September 26, 2015, YouTube provided Plaintiff with a counter-notice from Defendants. In the counter-notice, Defendants claim that Plaintiff is not the legal owner of the Copyrighted Cartoons and there is no indication that Plaintiff owns the Copyrighted Cartoons. Moreover, Defendants consented to jurisdiction within this District in the counter-notice.

24.    Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, have used, and continue to use, an online media distribution system, YouTube.com, to distribute the Copyrighted Cartoons to the public, and/or to make the Copyrighted Cartoons available for distribution to others. In doing so, Defendants have violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright.

25.    Plaintiff is informed and believes that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

26.    Defendants have claimed, on The Cartoon Channel, that the Copyrighted Cartoons were in the public domain. As such, the Copyrighted Cartoons have been reposted to other YouTube channels and websites, such as DailyMotion (www.dailymotion.com/us), Donald Duck Cartoons TV YouTube channel (https://www.youtube.com/user/DonaldDuckCartoonsTV), and at the following links https://www.youtube.com/watch?v=2DGnMMzOlFg and https://www.youtube.com/watch?v=uq3tofkAaSE resulting in further lost revenue to Plaintiff as well as forcing the Plaintiff to expend resources to have the

5

COMPLAINT

Copyrighted Cartoons removed from the other websites.

27.  Plaintiff registered the Copyrighted Cartoons with the U.S. Copyright Office on September 11, 2015. Attached hereto as Exhibit B is copy of the valid Certificate of Copyright Registration issued by the Register of Copyrights.

28.  As a result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendants' infringement of each of the Copyrighted Cartoons. Plaintiff is further entitled to their attorney's fees and costs pursuant to 17 U.S.C. § 505.

29.  The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights.

30.  Plaintiff has suffered damages in an amount to be determined but is now unascertainable but in excess of $150,000.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### (Copyright Infringement)

31.  Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 31 inclusive.

32.  Through its conduct averred herein, Defendants have infringed Plaintiff's copyrights in its works without authorization in violation of Sections 106 *et seq.* and Section 501 of the Copyright Act. 17 U.S.C. §§106 *et seq.* and 501.

33.  Each infringement by Defendants of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

34.  Defendants' acts of infringement were willful, in disregard of and with

indifference to the rights of Plaintiff.

35. As a direct and proximate result of the infringement by Defendants, Plaintiff is entitled to damages and Defendants' profits in an amount to be proven at trial which are not currently ascertainable.

36. Alternative, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 with respect to each work infringed, or for such other amounts as may be proper under 17 U.S.C. § 504.

37. Plaintiff is further entitled to recover its attorney's fees and full costs pursuant to 17 U.S.C. § 505.

38. As a direct and proximate result of the Defendants' foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, Defendants will continue to infringe on Plaintiff's copyrighted works. As such, Plaintiff is entitled to preliminary and permanent injunctive relief.

## SECOND CLAIM
**(Unfair Business Practices; Cal. Bus. & Prof. Code § 17200 and Common Law)**

39. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 31 inclusive.

40. Through its conduct averred herein, Defendants have infringed Plaintiff's copyrights in its works without authorization in violation of Sections 106 *et seq*. and Section 501 of the Copyright Act. 17 U.S.C. §§106 *et seq.* and 501.

41. The conduct of each defendant as described above was unlawful, unfair or fraudulent within the meaning of California Business & Professions Code Section 17200.

42. The conduct of each defendant as described above also was deceptive and otherwise unlawful, and therefore constitutes unfair competition at common law.

## **DEMAND**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. That Defendants, their agents, and servants be enjoined during the pendency of this action and permanently from infringing said copyright of Plaintiff in any manner.
2. That Defendants be required to pay Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of said copyright and to account for all gains and profits received by Defendants as a result of Defendants' infringement of Plaintiff's copyright or such damages as to the Court shall appear proper within the provisions of the copyright statutes.
3. For restitution of Defendants' unlawful proceeds.
4. For punitive and exemplary damages, as authorized for Plaintiff's state law claims, in such amount as may be awarded at trial.
5. For prejudgment interest according to law.
6. That Defendants pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed to the Plaintiff by the Court.
7. That Plaintiff has such other and further relief as is just, equitable, and proper.

DATED: October 9, 2015                    **CENTURY LAW GROUP LLP**

                              By:          /s/
                                   Edward O. Lear
                                   Rizza D. Gonzales
                                   Attorneys for Plaintiff
                                   ComedyMX Inc.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of this action.

DATED:   October 9, 2015                              **CENTURY LAW GROUP LLP**

                                          By:      /s/
                                                Edward O. Lear
                                                Rizza D. Gonzales
                                                Attorneys for Plaintiff
                                                ComedyMX Inc.

COMPLAINT

# EXHIBIT A





# EXHIBIT B

          **Registration #:** PAu003775815
     **Service Request #:** 1-2645788601

## Mail Certificate

ComedyMX Inc.
123 W. Nye Lane, Suite 129
Carson City, NV 89706 United States

      **Priority:** Special Handling    **Application Date:** September 11, 2015

## Correspondent

          **Name:** Edward Heldman III
         **Email:** copyright@8thmandvd.com
      **Telephone:** (602)752-8474
  **Alt. Telephone:** (623)755-6404
        **Address:** 10614 W Crosby Dr
                  Sun City, AZ 85351 United States

Registration Number

# PAu 3-775-815

Effective Date of Registration:
September 11, 2015

## Title

**Title of Work:** Merrie Melodies: Daffy Duck and the Dinosaur, et al.

**Content Title:** Merrie Melodies: Daffy Duck and the Dinosaur (Remastered 8thManDVD.com Version)

Merrie Melodies: The Wabbit Who Came to Supper (Remastered 8thManDVD.com Version)

Merrie Melodies: Pigs in a Polka (Remastered 8thManDVD.com Version)

## Completion/Publication

**Year of Completion:** 2013

## Author

- **Author:** ComedyMX Inc.
  **Author Created:** Motion picture - Edited, revised visuals and soundtrack; Introduction - new audiovisual content.
  **Work made for hire:** Yes
  **Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** ComedyMX Inc.
123 W. Nye Lane, Suite 129, Carson City, NV 89706

## Limitation of copyright claim

**Material excluded from this claim:** incorporates public domain footage and music

**New material included in claim:** Motion picture - edited, revised visuals and soundtrack; Introduction - new audiovisual content.

## Rights and Permissions

**Organization Name:** ComedyMX Inc.
**Email:** copyright@8thmandvd.com
**Telephone:** (602)752-8474

Page 1 of 2

|  |  |
|---|---|
| **Address:** | 123 W. Nye Lane, Suite 129<br>Carson City, NV 89706 United States |

## Certification

|  |  |
|---|---|
| **Name:** | Edward Heldman III |
| **Date:** | September 11, 2015 |

|  |  |
|---|---|
| **Correspondence:** | Yes |
| **Copyright Office notes:** | Basis for Registration: Unpublished Collection. |