Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank Gregory Casella (SBN 301494)
fcasella@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Defendant and Counterclaimant Joshua Dane St. Clair

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMEDYMX, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE ST. CLAIR, an individual; JOSHUA DANE ST. CLAIR, an individual; THE CARTOON CHANNEL, a business entity of unknown form,<br><br>Defendants.<br><br>JOSHUA DANE ST. CLAIR, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>COMEDYMX, INC., a Nevada Corporation; EDWARD HELDMAN III, | Case No.: 16-cv-3249-AGR<br>*Hon. Alicia G. Rosenberg Presiding*<br><br>**JOSHUA DANE ST. CLAIR'S ANSWER TO COMPLAINT AND AMENDED COUNTERCLAIM AGAINST COMEDYMX, INC. AND EDWARD HELDMAN III**<br><br>DEMAND FOR JURY TRIAL |

- 1 -

ANSWER AND AMENDED COUNTERCLAIM

an individual.

Defendant Joshua Dane St. Clair, by and through his undersigned attorneys, hereby Answers the allegations made by Plaintiff ComedyMX, Inc.'s Complaint, and deny all allegations unless expressly admitted.

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint consists of legal conclusion and does not require a response.

2. Paragraph 2 of the Complaint consists of legal conclusions and does not require a response. To the extent a response is deemed necessary, Defendant admits the contents of Paragraph 2.

3. By filing his answer, Defendant consents to the Court's exercise of personal jurisdiction. Plaintiff is without sufficient knowledge to admit or deny the remaining allegations of this paragraph, and on that basis denies them.

4. Paragraph 4 of the Complaint consists of legal conclusions, and does not require a response.

## PARTIES

5. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 5 of the Complaint, and on that basis denies them.

6. Defendant deny the allegations of Paragraph 6 of the Complaint in that Bruce St. Clair does not operate the referenced YouTube channel.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

9. Defendant admits the allegations in paragraph 9 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 10 of the Complaint, and on that basis denies them.

11. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint, and on that basis denies them.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant is without sufficient knowledge to admit or deny whether Exhibit A to the Complaint is what Plaintiff claims it to be. Defendant is further without sufficient knowledge to admit or deny the remaining allegations of Paragraph 15 of the Complaint, and on that basis denies them.

16. Defendant admits the allegations of Paragraph 16 of the Complaint.

17. Defendant admits that the material at issue contained advertising. Defendant denies the remainder of the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 19 of the Complaint, and on that basis denies them.

20. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 20 of the Complaint, and on that basis denies them.

21. Defendant admits the allegations of Paragraph 21 of the Complaint.

22. Defendant admits that YouTube removed the video at issue. Defendant denies the remaining allegations of Paragraph 22 of the Complaint.

23. Defendant admits that it submitted a counter-notice under the DMCA. Defendant also admits that he consents to jurisdiction in this District. Defendant denies the remaining allegations of Paragraph 23 of the Complaint.

24. Defendant denies the allegations of Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint.

26. Defendant admits that it claims that its posted cartoons are in the public domain, but is without sufficient information to admit or deny the remaining allegations of Paragraph 26 of the Complaint, and on that basis denies them.

27. Defendant is without sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint, and on that basis denies them. Plaintiff is without sufficient information to admit or deny whether Exhibit B to the Complaint is what Plaintiff claims it to be.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### (Copyright Infringement)

31. Defendant reasserts and incorporates by reference herein its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant denies the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant denies the allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

### SECOND CLAIM

### (Unfair Business Practices; Cal. Bus. & Prof. Code § 17200 and Common Law)

39. Defendant reasserts and incorporates by reference herein its responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

40. Defendant denies the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Fair Use)

43. Plaintiff is barred from recovery in whole or in part because Defendant's use constitutes authorized fair use.

### SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands)

44. The Plaintiff is barred from recovery by virtue of its inequitable conduct and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

45. Plaintiff is barred from recovery against Defendant because, among other reasons, it had a duty to exercise reasonable efforts to mitigate damages, if any, caused by the acts of Defendant.

### FOURTH AFFIRMATIVE DEFENSE

### (Acts and Omissions)

46. Plaintiff's right to seek any relief in its Complaint is barred in whole or in part by virtue of the acts and omissions of Plaintiff, its agents, servants, employees, attorneys, and others within Plaintiff's control.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

47. The Complaint, and each and every purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

**(Laches and Statute of Limitations)**

48.    The Complaint, and each and every purported cause of action therein, is barred by the doctrine of laches and/or by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Injury or Damages)**

49.    Plaintiff has suffered no injury or damages as a result of any of the alleged acts or omissions of Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Invalidity of Registration)**

50.    Plaintiff's purported registration is invalid and incapable of supporting an action for the relief Plaintiff seeks.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Originality)**

51.    Plaintiff's work does not satisfy the originality requirement necessary to grant it protection under the Copyright Act.

**TENTH AFFIRMATIVE DEFENSE**

**(No Irreparable Harm)**

52.    Plaintiff has not suffered any irreparable harm and injunctive relief is unwarranted.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Right to Assert Additional Affirmative Defenses)**

53.    Counterclaimant presently has insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated affirmative defenses are available. Counterclaimant reserves the right to assert additional affirmative defenses in the event that discovery reveals that so doing would be appropriate.

**WHEREFORE**, Defendant prays as follows:

a) That Plaintiff takes nothing by its Complaint;

b) That Plaintiff's Counterclaims be dismissed with prejudice and that judgment be awarded in favor of Defendant;

c) That Defendant be awarded its reasonable attorney's fees herein;

d) That Defendant be awarded its costs of suit herein; and

e) That Defendant be awarded such other and further relief as the Court deems just and proper.

f) For trial by jury on the claims at issue herein.

# COUNTERCLAIM FOR DECLARATORY JUDGMENT AND RELIEF AND FOR MISREPRESENTATION UNDER 17 U.S.C. § 512(f)

Counterclaimant Joshua Dane St. Clair, by and through his undersigned attorneys, hereby prays to this honorable Court for relief as follows:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*

2. This action further arises under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over Counterclaimant's state law claims under 28 U.S.C. § 1367.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a).

## PARTIES

5. Counterclaimant Joshua Dane St. Clair is an individual domiciled and residing in Australia.

6. Counterclaimant is informed and believes and thereon alleges that Counterdefendant ComedyMX, Inc. is a corporation organized and existing under the laws of the state of Nevada.

7. Counterclaimant is informed and believes and thereon alleges that Edward Heldman III is an individual.

8. Counterclaimant is informed and believes and thereon alleges that ComedyMC, LLC is a New Jersey limited liability company.

9. Counterdefendants DOES 1 through 10, inclusive are other parties not yet identified who have engaged in one or more of the wrongful practices alleged

herein. The true names, whether corporate, individual, or otherwise of DOES 1 through 10 are presently unknown to Counterclaimant, which therefore sues said Counterdefendants by such fictitious names, and will seek leave to amend this Counterclaim to show their true names and capacities when the same have been ascertained.

10. Counterclaimant is informed and believes and thereon alleges that at all times relevant hereto, each of the Counterdefendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Counterdefendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Counterclaimant's rights and the damages to Counterclaimant caused thereby.

## CONDUCT COMMON TO ALL COUNTERCLAIMS

11. Counterclaimant uploaded a video on May 11, 2014 entitled "The Biggest Looney Tunes Compilation: Bugs Bunny, Daffy Duck and more! [Cartoons for Children – HD]" (the "Compilation") to Youtube.com. The video consisted of a compilation of public domain cartoons that Counterclaimant had compiled from various sources.

12. The Compilation contained the public domain cartoon titled "The Wabbit Who Came to Supper." Counterclaimant sourced this cartoon from another YouTube video entitled "Merrie Melodies – Bugs Bunny – The Wabbit Who Came To Supper (1942)." This source video was uploaded on July 3, 2011 and can be found at the URL: https://www.youtube.com/watch?v=aZSp0YQU9zM (last checked March 16, 2016). The source video was an unedited version of the cartoon.

13. The Compilation contained the public domain cartoon titled "Pigs in a Polka." Counterclaimant sourced this cartoon from another YouTube video entitled "Looney Tunes – Pigs in a Polka 1943." This source video was uploaded on March 7, 2009 and can be found at the URL: https://www.youtube.com/watch?v=Nh11A41klL4 (last checked March 16, 2016). The source video was an unedited version of the cartoon.

14. The Compilation contained the public domain cartoon titled "Daffy and the Dinosaur." On information and belief, Counterclaimant sourced this cartoon from another YouTube video containing an unedited public domain version of the cartoon.

15. In March of 2015, Edward Heldman III left several abusive and harassing messages on Counterclaimant's YouTube channel. Counterclaimant proceeded to block all comments by Edward Heldman III on his channel.

16. On July 24, 2015, YouTube indicated to Counterclaimant that it had received a takedown notice for the Compilation from an individual named "Damien Good" on behalf of an entity named "CaitSith Productions."

17. Given the lack of connection between the Compilation and anybody by the name of "Damien Good," Counterclaimant timely filed a counter-notice on July 28, 2015, and YouTube made the Compilation again available for view on August 15, 2015.

18. On July 28, 2015, an individual representing himself to be "Vincent DeMayo" sent Counterclaimant correspondence alleging that Counterclaimant had fraudulently issued a counter-notice for the "Damien Good" take down notice.

19. Counterclaimant discovered that an individual named "Damien Good" and an individual named "Vincent DeMayo" are both affiliated with Edward Heldman III.

20. On August 21, 2015, Edward Heldman III sent an email to Counterclaimant threatening legal action unless Counterclaimant removed the Compilation from YouTube.

21. On September 18, 2015, ComedyMX, Inc.'s attorney sent a takedown notice for the Compilation.

22. On September 26, 2015, Counterclaimant timely filed a counter-notice with YouTube.

23. On October 9, 2015, ComedyMX filed this action, and Counterclaimant's Compilation has remained unavailable on YouTube.

## ALTER EGO ALLEGATIONS AS TO EDWARD HELDMAN III AND COMEDYMX, LLC

24. Counterclaimant hereby repeats and incorporates by reference the allegations contained in the previous paragraphs of its Counterclaim as though fully set forth herein.

25. Counterclaimant alleges that Edward Heldman III, the CEO of both ComedyMX, Inc. and ComedyMX LLC is in fact the alter ego of ComedyMX, Inc. and is therefore personally liable for the conduct of the corporation.

26. There is such unity of interest and ownership that the separate personalities of ComedyMX, Inc., ComedyMX, LLC, and Edward Heldman III do not exist.

27. Specifically, ComedyMX, Inc. was created only in 2015, while the three videos it alleges to be infringed were created and uploaded on December 7 and 8, 2013. Despite this discrepancy, ComedyMX, Inc. has attached a copyright registration as Exhibit B to its Complaint identifying ComedyMX, Inc. as the author of the contested cartoons.

28. The "8thManDVD.com" YouTube channel (the channel on which the contested cartoons appear) was created on November 24, 2013—before ComedyMX, Inc. was formed in 2015.

29. On information and belief, Edward Heldman III operated the "8thManDVD.com" YouTube channel and placed videos on that channel for over a year before ComedyMX, Inc. was formed.

30. "8thManDVD.com" (the name under which Counterdefendant asserts it does business) is a registered trademark of ComedyMX, LLC, a Delaware Limited Liability Company that was incorporated only on January 4, 2016. Indeed, the 8thManDVD.com YouTube channel indicates that "8thManDVD.com™ and all content © 2008-2016 ComedyMX LLC. All rights reserved. Unauthorized use is prohibited."

31. The assertion of "all content" belonging to ComedyMX LLC except the sole copyright registration that this case is based on demonstrates that ComedyMX, Inc. is a mere shell or instrumentality for a single venture of Edward Heldman III— that is, the prosecution of this copyright action while denying Counterdefendant access to any sort of monetary recovery in the event that he prevails.

32. On information and belief, any and all revenue and business operations are conducted through ComedyMX, LLC and not ComedyMX, Inc. leaving ComedyMX, Inc. as a mere shell without appropriate capitalization.

33. On information and belief ComedyMX, LLC has done business in Los Angeles California relating to the subject matter of this lawsuit, including retaining Los Angeles-based attorney Steven C. Papkin of Fisher Broyles LLP to handle copyright infringement claims relating to the same series of 1940s Warner Brothers public domain-based videos against third parties, which prosecution has included corresponding with YouTube on behalf of ComedyMX, LLC. Said counsel is the

same attorney used by ComedyMX, Inc. to handle copyright infringement claims and correspond with YouTube, including the claims at issue in this action.

34. On information and belief, Edward Heldman III created the entities ComedyMX, Inc. and ComedyMX LLC in order to insulate himself from liability and assert fraudulent copyright claims against his channel's competitors to unfairly cannibalize their business. Thus, using the corporation as a mere shell without any assets in order to limit his personal liability and eliminate the potential for even victorious defendants from achieving relief (including recovering their attorneys' fees) under the Copyright Act for defending against his fraudulent claims.

35. The recognition of ComedyMX, Inc.'s corporate form under these circumstances would lead to the inequitable result of Counterclaimant failing to reach any sort of financial recovery for Counterdefendants' misuse of the Copyright Act.

36. Further, the recognition of ComedyMX, Inc.'s corporate form would condone the conduct of Edward Heldman III, ComedyMX, LLC, and others similarly situated in creating shell corporations in order to improperly push out their competition—making it impossible to be worthwhile to defend against improper assertions of copyright protections.

## FIRST CLAIM FOR RELIEF

*(Cal. Bus. Prof. Code § 17200, et seq. - Unfair Competition – As to All Counterdefendants)*

37. Counterclaimant hereby repeats and incorporates by reference the allegations contained in the previous paragraphs of its Counterclaim as though fully set forth herein.

38. These unlawful and unfair business acts or practices were committed pursuant to business activity related to the exhibition of videos on YouTube and deriving advertising revenue therefrom and to gain an unfair competitive advantage over Counterclaimant.

39. Counterclaimant alleges that the actions contained herein constitute unlawful, unfair, or fraudulent business acts or practices as defined in Cal. Bus. Prof. Code § 17200.

40. Specifically, Counterdefendants' threats of improper legal action, fraudulent communication to YouTube that the Compilation violated intellectual property rights, harassing posts on Counterclaimant's YouTube channel, and subsequent filing of this action to ensure that the Compilation remained offline all meet the requirements of unlawful, unfair, or fraudulent business practices under § 17200.

## SECOND CLAIM FOR RELIEF

*(Declaratory Judgment – As to All Counterdefendants)*

41. Counterclaimant hereby repeats and incorporates by reference the allegations contained in the previous paragraphs of its Counterclaim as though fully set forth herein.

42. Counterclaimant alleges that an actual controversy has arisen by the filing of this lawsuit and now exists concerning whether Counterclaimant has infringed Counterdefendants' purported copyright in the contested cartoons.

43. Counterclaimant has placed the Compilation that is alleged to infringe Counterdefendants' purported copyright on YouTube.

44. Counterclaimant contends that the Compilation is not substantially similar to any protectable expression contained in any of Counterdefendants' videos.

45. Moreover, Counterclaimant contends that Counterdefendants have failed to provide a valid copyright registration that would support a claim for copyright infringement.

46. Counterclaimant seeks a judicial determination of the parties' rights and duties with respect to Copyright Registration No. Pau 3-775-815 and any other rights asserted by Counterdefendants. Specifically, Counterclaimant seeks a judicial

determination that he has not violated any copyrights of ComedyMX, that ComedyMX is the alter ego of Edward Heldman III, and that Counterdefendants are liable to Counterclamant for damages relating to their improper takedown notice which has resulted in the removal of Counterclaimant's compilation video and resultant revenues.

47. A judicial declaration as to the parties' respective rights is necessary and appropriate.

### FOURTH CLAIM FOR RELIEF

*(Misrepresentation under 17 U.S.C. § 512(f) – As to All Counterdefendants)*

48. Counterclaimant hereby repeats and incorporates by reference the allegations contained in the previous paragraphs of its Counterclaim as though fully set forth herein.

49. Upon information and belief, the Compilation does not infringe any copyright owned by Counterdefendants.

50. Upon information and belief, Counterdefendants knew or should have known if they acted with reasonable care or diligence that the Compilation did not infringe any of their copyright on the date that they sent their DMCA complaint to YouTube. Upon information and belief, Counterdefendants did not act with reasonable care or diligence before sending their DMCA complaint to YouTube.

51. It is clear that the cartoons contained in the Compilation do not contain the same elements that Counterdefendants allege that they added to the public domain cartoons. Even a cursory examination of the works demonstrates that the public domain cartoons contained in the Compilation were not sourced from Counterdefendants' videos.

52. Counterdefendants would have had no substantial doubt, had they been acting in good faith, that the Compilation did not infringe any of their copyrights on the date they sent their DMCA complaint to YouTube. Upon information and belief,

Counterdefendants were not acting in good faith while sending their DMCA complaint to YouTube.

53. Accordingly, Counterdefendants violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting under that section that the Compilation infringed their copyright.

54. Counterdefendants, and each of them, by the deliberate filing of both the bad-faith DMCA takedown request and the filing of this lawsuit, engaged in intentional tortious action whose effects would be felt primarily in California, where both this action and YouTube are based.

55. As a direct and proximate result of Counterdefendants' actions, Counterclaimant has suffered substantial injury. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to Counterdefendants' complaint to YouTube, the costs associated with retaining counsel to respond to Counterdefendants' complaint, and the lost advertising revenue (in an amount to be established at trial) that still continues to accrue because the Compilation has been kept offline due to Counterdefendants' improper and bad faith DMCA takedown complaint.

### FIFTH CLAIM FOR RELIEF

*(Intentional Interference with Prospective Economic Relations – As to all Counterdefendants)*

56. Counterclaimant hereby repeats and incorporates by reference the allegations contained in the previous paragraphs of its Counterclaim as though fully set forth herein.

57. Counterclaimant was in an economic relationship with YouTube that, if not impeded by Counterdefendants, would have resulted in an economic benefit to Counterdefendant. Namely, Counterdefendant's videos, including but not limited to the Compilation, attracted viewers to Counterdefendant's YouTube channel.

Advertisements would be placed on Counterdefendant's videos, including but not limited to the Compilation. The revenue derived from these advertisements would be split between YouTube and Counterdefendant.

58. Counterdefendants knew of this economic relationship between Counterclaimant and YouTube and intended to disrupt it. Counterdefendants engaged in wrongful conduct by, among other things, posting several harassing comments on Counterclaimant's YouTube channel, sending harassing correspondence to Counterclaimant threatening legal action should it not remove the Compilation from YouTube, filing at least one fraudulent DMCA takedown notice, and filing the instant lawsuit in order to ensure that the Compilation remains offline.

59. Counterclaimant's relationship with YouTube with regard to the Compilation was disrupted when YouTube, on the basis of Counterdefendants' baseless DMCA takedown request and subsequent filing of this lawsuit took the Compilation down from its website. This deprived Counterclaimant of the revenue that it could earn through the placement of advertisements on the Compilation. Counterclaimant was damaged as a result of the disruption of this relationship in an amount to be proven at trial. Counterdefendants' wrongful conduct was a substantial factor in causing this harm to Counterclaimant.

## PRAYER FOR RELIEF

Wherefore, Counterclaimant prays for judgment as follows:

A. A declaratory judgment that the Compilation posted by Counterclaimant does not infringe any copyright owned by Counterdefendants.

B. Injunctive relief restraining Counterdefendants, their agents, servants, employees, successors, and assigns, and all others in concert and privity with them, from bringing any lawsuit or threat against Counterclaimant for copyright infringement in connection with the Compilation, including but not limited to its

publication, distribution, performance, display, licensing, or the ability to host it online or link to it from any website.

    C.    Damages according to proof.

    D.    Attorneys' fees pursuant to 17 U.S.C. § 512(f), other portions of the Copyright Act including 17 U.S.C. § 505, on a Private Attorney General basis, or otherwise allowed by law.

    E.    Counterclaimant's costs and disbursements.

    F.    And other relief as the Court shall find just and proper.

Counterclaimant hereby requests a jury trial for all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 12, 2016     By:     */s/ Stephen M. Doniger*
    Stephen M. Doniger, Esq.
    Frank Gregory Casella, Esq.
    DONIGER / BURROUGHS
    Attorneys for Defendant and
    Counterclaimant Joshua St. Clair