UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | | |
|---|---|---|---|
| Karl Lozada | n/a | | n/a |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| n/a | | n/a | |

**Proceedings:**   **(IN CHAMBERS) MINUTE ORDER GRANTING DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**

On November 21, 2017, Defendants and Counterclaimant Joshua St. Clair (collectively referred to as "Defendants") filed a motion to enforce the settlement agreement in this copyright infringement action. (Dkt. No. 102.) On December 19, 2017, Plaintiff and Counterdefendants (collectively referred to as "Plaintiff") filed an opposition and evidentiary objections. (Dkt. Nos. 113-17.) On January 9, 2018, Defendants filed a reply and response to the evidentiary objections. (Dkt. No. 121-22.) On January 11, 2018, Plaintiff filed a reply in support of the evidentiary objections. (Dkt. No. 123.)

On January 16, 2018, the court conducted a hearing, ordered further briefing and set a continued hearing. (Dkt. No. 124.) On January 23, 2018, Defendants filed supplemental declarations, an audio recording and redacted Exhibit 6. (Dkt. Nos. 125-28.) On January 30, 2018, Plaintiff filed a supplemental opposition, supplemental declaration and evidentiary objections. (Dkt. Nos. 130-34.)

On February 23, 2018, the court conducted a supplemental hearing and ordered additional submissions. At the hearing, both counsel advised that they did not wish to call any witnesses. Both counsel also advised that they had no objections to the documents and recordings submitted to the court. Those documents and recordings were admitted. (Dkt. No. 135.) On March 2, 2018, Defendants filed a supplemental declaration and lodged additional materials. (Dkt. Nos. 137-38.) On March 9, 2018, Plaintiff filed objections and responses. (Dkt. No. 140.) The matter was taken under submission.

   *I.*   **Factual Background**

On December 14, 2016, the mediator filed a mediation report indicating the parties were unable to reach a settlement at the mediation session on December 13, 2016.[1] (Dkt. No. 90.)

---

[1] Plaintiff objects to the third, fourth and fifth sentences of paragraph 1 of Mr. Doniger's declaration based on a mediation privilege. *See Sony Computer Ent. America, LLC v. HannStar Display Corp.*, 835 F.3d 1155, 1158-59 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 278 (2017) (concluding federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

In January 2017, during the course of negotiating with third party Google over a subpoena, counsel for Plaintiff at the time (Mr. Zerner) informed Google's attorney that the parties were "trying to settle the case by having the St. Clair video edited to remove the first cartoon, and then having it reposted on YouTube, but with the St. Clair's being able to keep their viewcount and other stats on the video. I was trying to find out if this was possible as this would obviate the need for me to continue pursuing Google to provide me with the documents requested in the subpoena." (Dkt. No. 102-1 at 2, Exh. 1 to Doniger Decl.)

On January 25, 2017, Ms. Yukimura of Google responded by email that "we have a mechanism to do this." (*Id.* at 102-1 at 1-2.) Mr. Zerner promptly asked "how would we go about using this mechanism?" (Dkt. No. 102-4 at 8.) Mr. Zerner sent defense counsel an email that attached his email chain with Ms. Yukimura. Mr. Zerner described the contents of the email chain, in pertinent part, as follows: "I mentioned the issue we were having about whether the St. Clair's could put up an edited version of the Compilation Video (without the Daffy cartoon) and keep the stats and view count and asked the Google attorney if this was possible." Mr. Zerner informed defense counsel that the Google attorney's assistant responded that it is possible. "In light of this, I'm writing to see if your clients are still willing to settling [sic] on the terms we discussed during the mediation. Please let me know." (Dkt. No. 102-1 at 1.)

On January 27, 2017, Ms. Yukimura called Mr. Zerner to walk him through the process. Mr. Zerner made arrangements for a conference call on February 2, 2017 at 1:30 p.m. with Ms. Yukimura, Mr. Zerner, defense counsel and Defendants' representative. (Dkt. No. 102-2 at 1-3; Dkt. No. 102-4 at 6-7.) Apparently the first draft of the settlement agreement was prepared on that day. (*See* Papkin Decl. ¶ 1.)

The parties signed a Settlement Agreement on February 23 and March 1, 2017. (Exh. A to Baker Decl.) The Settlement Agreement states that it has an effective date of January 26, 2017. (*Id.* at 1.) California law governs the Settlement Agreement. (*Id.* ¶ 3.10.) The confidentiality provision permits the parties "to disclose the terms of this Agreement in any lawsuit between the Parties to enforce the terms hereof. The Parties may also disclose the terms of this Agreement as reasonably necessary to effect the purpose of this Agreement, including reinstatement of the Compilation to YouTube." (*Id.* ¶ 3.2.) The agreement also contains an integration clause. (*Id.* ¶ 3.3.)

The Settlement Agreement states: "Within five days of the date of this Agreement and St. Clair posting a compilation video that removes *Daffy and the Dinosaur*, the Parties, through their attorneys of

---

law applies); *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014) (leaving open whether mediation privilege is recognized under federal law). The court has not considered those sentences. The first two sentences are not objectionable. Mr. Heldman confirms that he attended the mediation telephonically on behalf of Plaintiff. (Heldman Decl. ¶ 6.) Plaintiff also objects to the supplemental declarations of Mr. Doniger and Mr. St. Clair. The court relies on the actual emails and recordings instead of the declarations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

record, shall file a stipulation for dismissal with prejudice." (*Id.* ¶ 1.1.) "The Parties agree to execute such additional documents and perform such further acts as may be reasonably necessary to effectuate the purposes and provisions of this Agreement." (*Id.* ¶ 3.8.)

"No waiver of any of the provisions of this Agreement shall be deemed to constitute a waiver of any other provision, whether or not similar, nor shall waiver constitute a continuing waiver. No waiver shall be binding unless executed in writing by the Party making the waiver." (*Id.* ¶ 3.5.)

On or about April 14, 2017, Josh St. Clair advised Ms. Yukimura that "as per the below email it was agreed that the views and position in search engine results from my original video could be transferred to the amended version once it had been re-uploaded. [¶] I would now like to proceed with this option as the amended version is now live." Mr. St. Clair provided the URL for the uploaded video. (Dkt. No. 102-4 at 4-5; Doniger Supp. Decl. ¶ 3 & Exh. 1, Dkt No. 125-1 at 1.) The amended version was lodged with the court (Dkt. No. 138) and is hereinafter referred to as the "April 2017 Compilation."[2] (St. Clair Decl. ¶¶ 3-4, Dkt. No. 127.)

When nothing happened, counsel for both sides followed up. On May 3, 2017, Mr. Zerner wrote to Ms. Yukimura: "The St. Clair's were instructed to upload the video and google would take care of the rest. It's been over a month and google has still not put the video back online and that is the last piece we need to get the case settled and dismissed. [¶] The St. Clair's have made inquiries to Google but have not received any word back." (Dkt. No. 102-7 at 3-4.) On May 17, 2017, Mr. Doniger also followed up: "Mr. St. Clair has now made 3 attempts to reach out to you to get his prior stats reinstated to the amended video. Please advise as that final step is the only thing holding up completion of the settlement between the parties." (Dkt. No. 102-4 at 4.)

On May 25, 2017, the parties filed a Notice of Conditional Settlement. (Dkt. No. 91.) On May 31, 2017, the court conducted a hearing on the Notice. (Dkt. No. 119.) Mr. Zerner represented that "[t]here's a signed settlement agreement." (*Id.* at 4.) "[T]he defendants edited a new video, and they've put it up on – they gave it to – submitted it to YouTube, and Google's – so YouTube is supposed to let them put that up, and we've talked to them, and they said – I mean, before we entered the settlement, they said, 'Yeah, that's fine. We'll do that,' and so it's just got to get through that process." (*Id.*) Based on that representation, the court vacated the pending dates and set it for status conference on August 8, 2017, which was the previous trial date. (*Id.*; *see also* Dkt. No. 93.)

---

[2] Mr. St. Clair described the changes made in the April 2017 Compilation. (St. Clair Supp. Decl. ¶ 3, Dkt. No. 137.) Mr. St. Clair apparently removed six videos other than *Daffy and the Dinosaur* and, according to Plaintiff, two advertisements. He added two videos, *Dover Boys of Pimento University* and *Scrap Happy Daffy*. Plaintiff has not asserted in its papers any copyright infringement allegations against the two new videos in the April 2017 Compilation. The August 9, 2018 DMCA takedown notice, described below, does not reference the two new videos as the basis for the notice. (Dkt. No. 102-8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

On June 5, 2017, Mr. Zerner followed up again. "It has been a month and I have not yet received the courtesy of a response to my email of May 3, 2017." (Dkt. No. 102-7 at 2.) On June 7, 2017, Ms. Yukimura responded that she "plan[ned] on getting back to you shortly." (Dkt. No. 102-7 at 2.)

On June 13, 2017, Plaintiff apparently placed a "content ID claim" on the April 2017 Compilation. (Heldman Decl. ¶ 12.) The parties apparently resolved the claim by Plaintiff withdrawing it. (*Id.* ¶ 12; *see also* Dkt. No. 102-4 at 1-2.)

On July 10, 2017, Mr. Zerner sent defense counsel an email: "It does not appear that Google is going to ever act on this. Do you have any ideas? Would your clients agree to just dismiss the case and we'll see what Google does in the future? I'm at a loss on how to resolve this." (Dkt. No. 102-5.)

On July 21, 2017, Plaintiff, represented by new counsel, Mr. Baker, demanded that Defendants execute the stipulated dismissal and return it no later than the close of business on July 25, 2017. (Exh. B to Baker Decl.; *see* Dkt. No. 95 (order on substitution).)

On July 24, 2017, Mr. Doniger wrote to Google: "we are desperate to close this case out and need our client's stats from before his video was taken down to be reinstated as we were told they would be – that is the only reason he agreed to enter into the settlement to resolve this dispute." (Dkt. No. 102-7 at 1.)

The next day, July 25, 2017, Google sent instructions to perform "an in-line video replacement, which preserves the views and other metadata of the original video." (Dkt. No. 102-7 at 1.) Mr. St. Clair responded on the same day with the URLs for each video.[3] He advised that the April 2017 Compilation had been uploaded as viewable to the public because he had not known to keep it as private or unlisted. "Please let me know if you would like me to re-upload a second copy of the replacement video and keep it unlisted. I'm happy to provide what you need for this to happen." (Dkt. No. 127-2 at 3.) Having received no response, Mr. St. Clair followed up by email to Google on August 7, 2017: "Has there been any progress on this matter? It is now beyond urgent that this matter be resolved. Please confirm once the view count has been reinstated - or at the very least advise where this is at." (*Id.* at 2-3.) Mr. Doniger followed up on August 9, 2017. (*Id.* at 2.)

On August 8, 2017, the court conducted a telephonic status conference with Plaintiff's new counsel and defense counsel. The court set a further status conference on October 10, 2017 but stated that no appearance would be necessary if a stipulation for dismissal were filed before that date. (Dkt. No. 98.)

On August 9, 2017, Plaintiff sent a notice to YouTube (Google) renewing its DMCA takedown notice of the April 2017 Compilation. (Dkt. No. 102-8.)

---

[3] Mr. St. Clair is located in Australia, so the dates and times on his emails are different.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

On August 10, 2017,[4] Ms. Yukimura sent further instructions and stated: "Once confirmed, we can proceed with the swap." (Dkt. No. 127-2 at 1.) By response on August 10, 2017, Mr. St. Clair responded that he had followed all of her instructions. (*Id.*)

Meanwhile, on August 11, 2017, the YouTube Legal Support Team confirmed to Plaintiff's counsel that the content was removed in response to its DMCA takedown notice. (Dkt. No. 125-3.)

On August 16, 2017, Mr. Doniger received a voicemail message from Google that stated: "I'm calling because we made some changes on Google's end for this video and we wanted to ask your client to change the settings of the replacement video to public and check and see if the video view count is now reflecting the changes that were requested. Please send an email at . . . [inaudible] if the changes are sufficient to meet your needs or if the changes are [inaudible]. Unfortunately, we are not able to confirm what this looks like externally so we are relying on you and your client to check for us . . . ." (Dkt. No. 126.) Mr. St. Clair states he does not have access to the April 2017 Compilation after the takedown notice.[5] (St. Clair Decl. ¶ 14, Dkt. No. 127.)

On August 16, 2017, counsel conferred telephonically. Mr. Baker states that he asked defense counsel for copies of his communications with Google/YouTube regarding efforts to restore viewership statistics but did not receive them at that time. (Baker Decl. ¶ 5.)

## II. Discussion

A district court has inherent authority to enforce a settlement agreement in a case pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987); *see also City Equities Anaheim v. Lincoln Plaza Dev. Co.*, 22 F.3d 954, 957 (1994). Ordinarily, a district court is empowered to enforce a settlement agreement through summary proceedings." *Adams v. Johns-Manville Corp.*, 876 F.2d 702, 708 (9th Cir. 1989). "However, where the parties dispute the existence or terms of the agreement, an evidentiary hearing is required." *Id.* Both counsel advised the court that they did not wish to call any witnesses. Both counsel also advised that they had no objections to the documents and recordings submitted to the court. (Dkt. No. 135.)

There is no dispute that the parties entered into a binding written settlement agreement. (Exh. A to Baker Decl. (hereinafter "Exh. A" or "Settlement Agreement").) An agreement to settle a federal case is governed by applicable state law. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). The Settlement Agreement provides that it is governed by California law. (Exh. A ¶ 3.10 to Baker Decl.); *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989) ("An agreement to settle a legal

---

[4] The court uses the date on the last email in the chain (August 10), which was August 11, 2017 in Australia. (St. Clair Decl. ¶ 10, Dkt. No. 127.)

[5] The parties dispute whether Mr. St. Clair's inability to access the April 2017 Compilation is a result of the DMCA takedown notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

dispute is a contract and its enforceability is governed by familiar concepts of contract law." "Each party agrees to 'extinguish those legal rights it sought to enforce through litigation in exchange for those rights secured by contract.'" (citation omitted)); *see also* Cal. Civ. Code § 1550 (elements of contract).

The Settlement Agreement contains an integration clause: "This Agreement constitutes the entire agreement and understanding concerning the subject matter hereof between the Parties and supersedes and replaces all prior negotiations, agreements and proposed agreements, whether written or oral. Each of the Parties acknowledges that neither the other Party, nor any agent or attorney of such other Party has made any promise, representation, or warranty whatsoever, expressed or implied, written or oral, not contained herein, concerning the subject matter hereof to induce it to execute this Agreement, and each of the Parties acknowledges that it has not executed this Agreement in reliance on any promise, representation, or warranty not contained herein." (Exh. A ¶ 3.3.)

The Recital states that, in this action, Plaintiff alleged "copyright infringement based upon the allegation that St. Clair posted a compilation video on YouTube." (Exh. A, Recital ¶ A.) Under the Settlement Agreement, "St. Clair agrees to remove the offending version of *Daffy and the Dinosaur* from the Compilation." (*Id.* ¶ 1.3.) "Within five days of the date of this Agreement and St. Clair posting a compilation video that removes *Duffy and the Dinosaur*, the Parties, through their attorneys of record, shall file a stipulation for dismissal with prejudice." (*Id.* ¶ 1.1.) The Settlement Agreement does not specify a time frame for Mr. St. Clair to post the replacement compilation, and Plaintiff does not contend he acted in an untimely manner.

The April 2017 Compilation was "posted" on or about April 14, 2017. (Dkt. No. 102-4 at 4-5.) It is undisputed that the parties did not file a stipulation for dismissal with prejudice within five days, and Plaintiff made no request that such a stipulation be filed at that point.

Defendants argue that Plaintiff thereafter prevented performance under the settlement agreement. "A party to a contract cannot take advantage of his own act or omission to escape liability thereon. Where a party to a contract prevents the fulfillment of a condition or its performance by the adverse party, he cannot rely on such condition to defeat his liability." *Nelson v. Reisner*, 51 Cal. 2d 161, 171 (1958). "[P]revention of performance by one party to a contract excuses performance by the other." *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1387 (2010).

After the April 2017 Compilation was posted, it is undisputed on the record before the court that counsel for both sides followed up with Google to perform the reinstatement of views and metadata as Google stated it would do. (Dkt. No. 102-7 at 3-4; Dkt. No. 102-4 at 4.) Although vaguely worded, counsel for Plaintiff so advised the court on May 31, 2017. (Dkt. No. 119 at 4 ("[T]he defendants edited a new video, and they've put it up on – they gave it to – submitted it to YouTube, and Google's – so YouTube is supposed to let them put that up, and we've talked to them, and they said – I mean, before we entered the settlement, they said, 'Yeah, that's fine. We'll do that,' and so it's just got to get through that process.")). Based on that representation, the court vacated the pending dates and set it for status conference on August 8, 2017. (*Id.*; *see also* Dkt. No. 93.) The entreaties to Google continued at least

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

until July 10, 2017. (Dkt. No. 102-7 at 2; Dkt. No. 102-5.) Plaintiff's affirmative conduct excuses any failure to file a stipulation for dismissal during this period.[6]

To the extent Plaintiff argues there was a breach of the agreement prior to July 25, 2017, Plaintiff's argument is not well taken. Plaintiff contends its counsel's conduct after April 14, 2017 is not binding because counsel "lacked express, implied, and apparent authority to modify the express terms of the Agreement." (Opp. at 15.) Plaintiff does not contest its counsel's authority to enter into a settlement agreement. This fact distinguishes *Blanton v. Womancare*, 38 Cal. 3d 396 (1985), the case on which Plaintiff relies. *Id.* at 406 ("when it comes to such a substantial matter as compromise of an action, a person dealing with an attorney, as dealing with any agent, must ascertain whether the agent has authority to do the purported act and assumes the risk if in fact the agent has no such authority"). The California Supreme Court left open whether this rule "is true in all respects, or whether there may be some matters as to which the justification of an attorney's reliance upon the stipulation of his opponent would depend upon whether the relying attorney was aware of objection on the part of his opponent's client, for in this case the lack of justifiable reliance is clear." *Id.* at 406-07. The court made clear that "unauthorized acts of an attorney may be binding upon his client through ratification." *Id.* at 408. The California Supreme Court has made clear that an attorney has general authority to conduct the procedural aspects of litigation and bind the client in these matters. *People v. Masterson*, 8 Cal. 4th 965, 969, 974 (1994) (holding counsel may waive jury trial on competency); *e.g., Levy v. Superior Court*, 10 Cal. 4th 578, 583 (1995) (attorney has authority to take steps incidental to management of lawsuit such as making or opposing motions, seeking continuances or conducting discovery). Plaintiff's contention that its counsel lacked authority to delay the filing of the stipulation for dismissal until Google reinstated the statistics is not credible. Mr. Heldman, president of ComedyMX, admits that he reviewed several versions of the settlement agreement before he signed the final version on February 23, 2017. (Heldman Decl. ¶ 7.) He was aware that Defendants posted the April 2017 Compilation no later than April 14, 2017. (*Id.* ¶ 10.) He does not deny awareness of the fact that a stipulation for dismissal had not been filed within five days as provided in the settlement agreement. He offers no other explanation for the delay.

On July 21, 2017, Plaintiff, represented by new counsel, Mr. Baker, demanded that Defendants

---

[6] At a minimum, Plaintiff's affirmative conduct would constitute a waiver. "Waiver is an intentional relinquishment of a known right" and "may be implied through conduct manifesting an intention to waive." *Gould v. Corinthian Colleges, Inc.*, 192 Cal. App. 4th 1176, 1179 (2011). An antiwaiver provision may itself be waived. *Id.* at 1180. "Waiver may be shown by conduct; and it may be the result of an act which, according to its natural import, is so inconsistent with the intent to enforce the right in question as to induce a reasonable belief that such right has been relinquished." *Medico-Dental Bldg. Co. v. Horton & Converse*, 21 Cal. 2d 411, 432 (1942). Mr. Heldman states that Plaintiff's counsel did not have approval to "help the Defendants transfer the viewership statistics of the 2015 Compilation to the April 2017 Compilation," but this is a nonsequitur. The record indicates that reinstatement of the statistics was exclusively in Google's hands and required no help from Plaintiff or its counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

execute the stipulated dismissal and return it no later than the close of business on July 25, 2017. (Exh. B to Baker Decl.) On July 25, 2017, Google gave Mr. St. Clair instructions to perform "an in-line video replacement, which preserves the views and other metadata of the original video." (Dkt. No. 102-7 at 1.) Mr. St. Clair responded on the same day with the URLs for each video. He advised that the April 2017 Compilation had been uploaded as viewable to the public because he had not known to keep it as private or unlisted. "Please let me know if you would like me to re-upload a second copy of the replacement video and keep it unlisted. I'm happy to provide what you need for this to happen." (Dkt. No. 127-2 at 3.)

Plaintiff argues that, as of July 25, 2017, Defendants' failure to file the stipulation for dismissal constituted a material breach of the settlement agreement that entitled Plaintiff to rescind the agreement under Cal. Civ. Code § 1689(b)(2). "When a party's failure to perform a contractual obligation constitutes a material breach of the contract, the other party may be discharged from its duty to perform under the contract." *Brown v. Grimes*, 192 Cal. App. 4th 265, 277 (2011).

"Normally the question of whether a breach of an obligation is a material breach, so as to excuse performance by the other party, is a question of fact." *Id.* "However, if reasonable minds cannot differ on the issue of materiality, the issue may be resolved as a matter of law." *Id.* at 278. Whether a breach is material "depends on 'the importance or seriousness thereof and the probability of the injured party getting substantial performance.'" *Id.* (citation omitted). A material breach "is so dominant or pervasive as in any real or substantial measure to frustrate the purpose of the undertaking." *Medico-Dental*, 21 Cal. 2d at 433. Factors include: "(1) The extent to which the injured party will obtain the substantial benefit which he could have reasonably anticipated; (2) the extent to which the injured party may be adequately compensated in damages for lack of complete performance; (3) the extent to which the party failing to perform has already partly performed or made preparations for performance; (4) the greater or less hardship on the party failing to perform in terminating the contract; (5) the wilful, negligent, or innocent behavior of the party failing to perform; and (6) the greater or less uncertainty that the party failing to perform will perform the remainder of the contract." *Sackett v. Spindler*, 248 Cal. App. 2d 220, 229-30 (1967).

The court concludes that the breach, if any, was not material. Defendants had already uploaded the April 2017 Compilation and followed all of YouTube's instructions to that point. Given that the April 2017 Compilation had already been posted, Plaintiff obtained the substantial benefit of having the allegedly infringing content removed. Google's reinstatement of the statistics appears to have occurred no later than August 16, 22 days later. Although dismissal of all claims was delayed, the court had agreed to vacate the pretrial and trial dates, thereby ensuring that the parties did not have to litigate those claims in the interim.

Plaintiff argues that the breach was material because "[t]he timely dismissal of those claims was of paramount importance to ComedyMX." (Opp. at 10.) The evidence does not corroborate Plaintiff's argument. The Settlement Agreement did not specify a time frame for Mr. St. Clair to post the replacement compilation video. Even after the April 2017 Compilation was posted, Plaintiff waited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

over two months to demand that the stipulation for dismissal be filed. Again, Plaintiff's behavior is not consistent with its argument that time was of the essence.

Plaintiff also argues that the delay "permitted Defendants to secretly negotiate the restoration of its viewership statistics with YouTube in the interim." (Opp. at 10.) This argument is not well taken. It was Plaintiff's counsel who determined that YouTube could reinstate the statistics and brought that fact to defense counsel's attention. Plaintiff's counsel communicated with YouTube on that subject. The negotiations could hardly be described as secret. Moreover, YouTube was certainly free to reinstate the statistics on the April 2017 Compilation regardless of Plaintiff's position on the matter. YouTube's instructions to Defendants for reinstatement of statistics did not require any participation by Plaintiff.

Defendants' argument that Plaintiff is preventing performance of the settlement agreement has merit. On August 9, 2017, Plaintiff sent a notice to YouTube (Google) renewing its DMCA takedown notice of the April 2017 Compilation Video. (Dkt. No. 102-8.) On August 11, 2017, the YouTube Legal Support Team confirmed to Plaintiff's counsel that the content was removed in response to its DMCA takedown notice. (Dkt. No. 125-3.) Mr. St. Clair states that he does not have access to the April 2017 Compilation since the takedown notice and cannot confirm that the statistics were reinstated as represented in the voicemail message on August 16, 2017. (St. Clair Decl. ¶ 14, Dkt. No. 127; *see* Dkt. No. 126.) Any such issues are between Defendants and YouTube at this point.

All that remains is withdrawal of the August 9, 2017 DMCA takedown notice and dismissal of this action. Defendants' request for an order preventing Plaintiff from making any new DMCA claims against the April 2017 Compilation is denied without prejudice. Whether a DMCA notice may be submitted against the April 2017 Compilation is governed by the terms of the settlement agreement. The court notes that Plaintiff has not asserted any copyright infringement allegations against the two videos added to the April 2017 Compilation. (*See supra* n.2.)

### III. Order

IT IS ORDERED that Defendants' motion to enforce the settlement agreement is GRANTED as follows:

1. Plaintiff is ordered to remove its DMCA takedown notice from the April 2017 Compilation and file a Notice of its compliance with the court within 14 days after the date of this order.

2. Upon the filing of Plaintiff's notice of compliance, this action will be dismissed with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3249-AGR | Date | September 21, 2018 |
|---|---|---|---|
| Title | Comedymx Inc. v. Bruce St Clair et al | | |

|  |  | 0 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | kl | | |